**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUTHER BEEKS, *on behalf of himself and others similarly situated*,<br><br>*Plaintiff*,<br><br>-against-<br><br>SECURITY USA, INC.,<br><br>*Defendant*. | **FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff LUTHER BEEKS ("Beeks" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendant SECURITY USA, INC. ("Security USA" or "Defendant") and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that he and others similarly situated are entitled to recover from Defendant (1) unpaid overtime pay of time and one-half for hours worked in excess of forty hours per week due to Defendant's practice of not properly paying overtime, as well as (2) unpaid minimum wages and overtime due to Defendant's practice of time shaving whereby the required employees to arrive early and stay late, but only paid them for their scheduled hours.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," he and a proposed class of other similarly situated employees are entitled to recover from Defendant: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages and

civil penalties pursuant to the NYLL; and (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

3. Defendant operates a security company which provides security services to both commercial and residential sites. Such sites include the residential apartment building where Plaintiff worked in New York County, as well migrant and homeless shelters, construction sites, schools and higher education, houses of worship, and various other commercial and residential settings.

4. Defendant employs between 1,000 and 5,000 workers across several states, but primarily in New York State.

5. Plaintiff, collective plaintiffs, and class members are current and former employees of Defendant, who were victims of Defendant's schemes to underpay employees' hours. Specifically, Defendant: (i) improperly paid non-exempt employees only for their scheduled hours when it improperly rounded employees' hours to deprive employees of their earned compensation; (ii) required employees to arrive before the start of their shifts, but did not permit them to clock in until their scheduled start times; (iii) failed to fully compensate employees for time spent waiting to be relieved at the end of their shits; (iv) would fail to include the hours for 'pick-up-shifts' with an employees' compensation for the week such shift was worked, but instead compensate those hours at a later date at a straight time rate and (v) otherwise failed to pay employees at the overtime rate of time and one-half for all hours worked each week in excess of 40 hours.

6. Defendant designs the schedule of its employees' shifts to run "back-to-back." For example, if a site requires 24-hour period, one guard could be scheduled to the site from 11 pm to 7:00 am. The second guard from 7:00 am to 3:00 PM. The final guard from 3:00 PM to 11

pm. Despite Defendant's schedule not envisioning any overlap between employees, Defendant required security guards to ensure a "relief" guard arrived and was fully debriefed before leaving their post. As Defendant only paid for scheduled shifts and/or rounded employees' time, this overlapping period between security personnel was always unpaid. Defendant requires employees to stay past their shift to wait for the incoming employee to arrive on site.

7.  Defendant would fail to include the hours for shifts worked by an employee in addition to their scheduled hours in the same weeks when these shifts were worked and, instead would compensate for these hours at a later date and at a straight time rate.

8.  Defendant's improper pay practices are designed to, and in fact do, result in a windfall of improperly retained unpaid compensation owed to Plaintiff, collective plaintiffs, and class members.

9.  Plaintiff brings this wage and hour class action on behalf of himself and all similarly situated employees, who during the applicable state and federal limitations periods up to and including the present (the "Class Period"), were similarly underpaid by Defendant in violation of protections afforded under the FLSA and the NYLL.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## **PARTIES**

12. Plaintiff Luther Beeks is an adult over 18 years of age, a citizen of New York, and a resident of New York County.

13. Defendant Security USA, Inc., is a domestic business corporation with its principal executive offices at 336 W 37th ST, New York, NY, 10018.

14. Defendant operates all the sites for which it provides security services through the same executive management team, from the same headquarters with the same policies and procedures. Each site is engaged in related activities, shares common ownership, and has a common business purpose.

   a) Defendant maintains a centralized labor relations and human resources managing employees working at any site for which they provide security services.

   b) Defendant maintains the same website, where visitors can obtain information concerning USA Security's news, information and updates concerning USA Security's corporate affairs. *See* https://www.securityusainc.com/

   c) Defendant lists a range of services offered including Security Guards and Patrols, Doorman & Concierge, Fireguards, Fire Life Safety Directors, Guard Management System, Special Event Security, Executive Protection, and Building Maintenance Staffing.

   d) Employees are interchangeable among Defendant's sites. Defendant frequently transfer employees to different sites during their employment.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees employed by Defendant, (including security guards, patrol officers, fire safety officers, fire guards, security concierges, vehicle patrol officers) employed by Defendant in New York on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collectives for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendant's policies of failing to pay hours worked over 40 at the overtime rate and time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

**RULE 23 CLASS ALLEGATIONS**

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees of Defendant, (including security guards, patrol officers, fire safety officers, fire guards, security concierges, vehicle patrol officers) employed by Defendant in New York State on or after the date that is six (6) years, or the relevant statutory period of each State as applicable by law, before the filing of the Complaint in this case (the "Class Period").

20. The Class Period is further expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar orders, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

21. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is presently based are within the sole control of Defendant. There is no doubt that there are more than forty (40) members of the Class. Upon information and belief, Defendant employs between 1,000 and 5,000 workers, the majority of whom are employed in New York State.

30. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each

member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendant, as alleged herein, of: (i) failing to pay for all hours worked including overtime premiums, due to Defendant's practice of time-shaving; (ii) failing to pay overtime premiums due to Defendant's practice of paying unscheduled overtime hours at a straight rate; (iii) failing to provide proper wage statements with every payment of wages; and (vi) failing to properly provide wage notices, at date of hiring and annually, per requirements of NYLL. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendant and other employers throughout the state violate NYLLs. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.    Whether Defendant employed Plaintiff and the Class within the meaning of NYLL;

b.     What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not properly pay Plaintiff and the Class members;

c.     At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and the Class members for their work;

d.     Whether Defendant properly notified Plaintiff and Class members of hourly rate and overtime rate;

e.     Whether Defendant provided proper wage notices, at date of hiring and annually thereafter, informing Plaintiff and Class members of their proper rates of compensation and other information required to be provided on wage notice, as required under NYLL;

f.     Whether Defendant provided Plaintiff and the Class proper wage statements with each payment of wages, as required under NYLL;

g.     Whether Defendant properly compensated Plaintiff and Class members at the overtime rate of time and one-half for each out worked in excess of 40 hours per week;

h.     Whether Defendant properly compensated Plaintiff and Class members for all hours worked, including overtime hours; and

## STATEMENT OF FACTS

28.     Plaintiff alleges the below facts according to his best recollection.  Plaintiff reserves the right to amend these pleadings upon the receipt of discovery materials, including payroll and employee records, that Defendant is obligated to retain pursuant to the New York Code, Rules and Regulations ("NYCRR").

29.     Upon information and belief, the below facts are consistent among Plaintiff and the Proposed Class.

30. Plaintiff Luther Beeks worked for Defendant as a security guard from on or around December 28, 2022 to on or around the end of March 26, 2023.

31. Defendant paid Beeks approximately $18.25 on an hourly basis.

32. Defendant assigned Beeks to work at a residential building located at 1295 5th Ave, New York, NY 10029.

33. Defendant directed Plaintiff to sign in and out on paper time sheets and a logbook that was present at a security desk in the building.

34. Plaintiff also used an online company portal to track his hours and pay.

35. Plaintiff was instructed by his supervisor Mr. James (full name unknown) to always arrive early to work, before the start of his scheduled shift, so that he would not be late.

36. However, Defendant did not permit Plaintiff and his fellow security guards to clock in before the start of their scheduled shifts. Defendant's policy was that they permitted no overlap in clock-ins/outs and sign-ins on the logbook between the guards' shifts.

37. Based on Defendant's requirements, Plaintiff arrived an average of ten minutes early per shift, sometimes fifteen minutes early, but was never given credit for these hours.

38. Plaintiff's regular shift was to work from 7 am to 3 pm, Monday to Friday.

39. Defendant operated three shifts at the building where Plaintiff worked, with two guards working in adjacent lobbies, one guard patrolling and one supervisor overseeing the others.

40. On multiple occasions, due to Plaintiff's relieving security guard being late, or due to Defendant being short-staffed, Plaintiff had to wait until after the end of his scheduled shift to be relieved.

41. On several occasions, Defendant asked Plaintiff to work a double shift, working a second eight hour shift back-to-back with his scheduled shift.

42. More often, Plaintiff was forced to wait between 20 minutes to as much as 2 hours or more if his relief was late. Once, Defendant required Plaintiff to wait until 3 ½ to 4 hours for his relief to show up after the scheduled end of his shift.

43. When Plaintiff stayed late after the end of his scheduled shifts, 20 mins or more, this time would be missing from his pay stubs more often than not.

44. Defendant had a policy of time shaving whereby by default they only paid Plaintiff and similarly situated employees for their scheduled hours, but not for any extra time they arrived at the beginning of their shifts or time they spent waiting for their relief, or when they otherwise stopped work after the scheduled end of their shifts.

45. Mr. James, Plaintiff's supervisor, warned Plaintiff when he started working to always keep track of his hours and to check his hours every week because Defendant would not give them credit for all of their hours.

46. On the occasions when Plaintiff did work in excess of 40 hours per week, the hours Plaintiff worked over 40 hours per week were always paid at his regular rate, approximately $18.25 per hour, never at the required overtime rate of time and half, around $27 per hour.

47. Plaintiff noticed discrepancies and shortfalls in his pay and hours on multiple occasions and was forced to follow up with Defendant to correct his hours and pay him his missing wages.

48. If these missing hours and wages were due in weeks when Plaintiff worked in excess of 40 hours, the missing hours were paid by Defendant in later weeks or separately at the regular rate, never at the proper overtime rate.

49. Defendant had a policy of paying 'pick-up' shifts, a shift worked in addition to an employee's regular schedule, on a later paycheck than the paycheck providing compensation for the week in which that pick-up shift was worked. When Defendant provided the payment for the hours worked during a pick-up shift, the hours would always be compensated at a straight time rate, even when the hours were overtime hours in the week worked. Plaintiff worked pick-up shifts, which should have been compensated at an overtime rate, but was instead compensated at a straight time rate. Plaintiff had to repeatedly follow up for unpaid hours for his additional pickup shifts, hours that were taken on in addition to their full-time schedule. Defendant had a policy of paying Plaintiff and the Proposed class for these missing hours in later pay periods at the regular straight-time rate rather than the overtime rate.

50. Defendant failed to provide Plaintiff with compliant periodic wage statements because they failed to accurately reflect the employees' hours worked, due to Defendant's policy of time shaving and due to a policy of failing to include overtime hours for pick-up shifts in an employee's hours.

51. Defendant failed to provide Plaintiff and Class Members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring in violation of NYLL.

52. In failing to provide proper wage statements and notices, Defendant has failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant's failure to provide such notices

trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendant's conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices and wage statements function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

53. Here, Defendant's failure goes beyond generating a risk of harm to Plaintiff and Class Members. Defendant's conduct actually harmed Plaintiff and Class Members. Defendant's failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates and the failure to provide a wage notice properly listing the rate and frequency Plaintiff and Class Members were entitled to get paid, deprived employees of the ability to contest Defendant's calculations, allowed Defendant to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and the Class Members' rights. This conduct ensured Defendant's ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendant's failure to provide wage notices allowed Defendant to hide their policy of time shaving and failure to pay overtime, spread of hours premium and uniform maintenance pay. Defendant's failure to provide complaint wage notices to employees allowed Defendant to hide their responsibility and deprive employees of their required compensation.

54. Due to Defendant's failure to provide legally mandated notices such as earning statements and wage notices, Defendant was able to hide their wrongdoing from employees, and

continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continue to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

55. Defendant knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiff, and the Class regular and overtime wages for all hours worked due to Defendant's time-shaving practices.

56. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendant failed to pay them the proper overtime premium rate of one-and-half times of their regular hourly rate for each hour exceeding forty (40) hours per workweek in violation of FLSA and State wage laws.

57. Due to these unlawful acts, Plaintiff, FLSA Collective Plaintiffs, and Class members suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action.

## STATEMENT OF CLAIMS

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA) - OVERTIME AND MINIMUM WAGE (On behalf of Plaintiff and the FLSA Collective)**

58. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

59. At all relevant times, Defendant was and continues to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiff are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

60. At all relevant times, Defendant employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

61. At all relevant times, Defendant has had gross revenues in excess of $500,000.

62. At all relevant times, Defendant had a policy and practice of failing to pay wages for all hours worked.

63. At all relevant times, Defendant willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

64. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due. Defendant knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendant knew or should have known such was due.

65. At all relevant times, Defendant had a policy and practice of failing to pay the proper overtime premium to FLSA Collective Plaintiffs for their hours worked.

66. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

67. As a direct and proximate result of Defendant's willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

68. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: VIOLATION OF THE NYLL, MINIMUM WAGE AND OVERTIME
### (On behalf of Plaintiff and the Rule 23 Class)

69. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

70. Defendant employed Plaintiff and the Rule 23 Proposed Class members within the meaning of NYLL §§ 2 and 651.

71. At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff and the Rule 23 Class for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendant's policy of time-shaving.

72. Furthermore, Defendant willfully violated Plaintiff's and the Rule 23 Class's rights by refusing to compensate them for off-the-clock hours during which they were required to work.

73. Due to Defendant's NYLL violations, Plaintiff and the Rule 23 Class are entitled to recover from Defendant the difference between their actual wages and the amounts they are owed under the NYLL. The deficiency accounts for regular rates for all straight time hours, overtime compensations for all overtime hours, "spread of hours" premium, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 663(1), 198.

## COUNT III: VIOLATION OF THE NYLL WAGE NOTICE AND WAGE STATEMENTS

### (On behalf of Plaintiff and the Rule 23 Class)

74. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

75. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

76. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

77. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates

of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

78. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

79. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

80. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated Collective Action Members and Rule 23 Class members, respectfully request that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at

|      | |
|------|---|
|      | any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly workers in New York State, and of their right to join this lawsuit if they believe they were denied proper wages; |
| ii.  | An award for unpaid overtime and minimum wage compensation due under the FLSA and NYLL; |
| iii. | An award of liquidated damages as a result of Defendant's failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216; |
| iv.  | An award of compensatory and liquidated damages as a result of Defendant's failure to pay overtime, minimum wage, pursuant to the NYLL and the New York State Wage Theft Prevention Act; |
| vi.  | An award of civil penalties pursuant to the New York State Wage Theft Prevention Act; |
| vii. | Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; |
| viii.| Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel; |
| ix.  | An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA and NYLL; |
| x.   | An award of prejudgment and post-judgment interest; |
| xiii.| Such other and further relief as this Court determines to be just and proper. |

**JURY DEMAND**

Pursuant to FRCP 38 the Plaintiff demands trial by jury on all issues.

Dated: New York, NY
March 24, 2025

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.,
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*